MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY CIRCUIT CLERK

| | |
|---|---|
| JEREMY SPARKS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Case no: |
| KEVIN NICHOLS, ) | |
| and ) | |
| NELSON BROTHERS, LLC ) | |
| ) | Division: |
| Defendants ) | |
| **Serve at** ) | |
| ) | |
| **Kevin Nichols** ) | **Jury Trial Demanded** |
| 2432 Salt Creek Rd ) | |
| Lucasville, OH 04648 ) | |
| ) | |
| **Nelson Brothers, LLC** ) | |
| On duty manager ) | |
| 820 Shades Creek Parkway, Suite 2000 ) | |
| Birmingham, AL 35209 | |

## **PETITION**

COMES NOW Plaintiff Jeremy Sparks, by and through his undersigned counsel, and for his Petition states as follows:

1. Plaintiff Jeremy Sparks ("Plaintiff Sparks") is a resident of St. Louis County, Missouri.

2. Defendant Kevin Nichols ("Defendant Nichols") is a resident of Ohio.

3. Defendant, Nelson Brothers, LLC, ("Defendant Nelson Brothers") is a manufacturer and distributor of commercial explosives incorporated in Alabama.

4. Subject matter jurisdiction is proper because state law grants The Court jurisdiction over non-residents when they commit a tortious act within the State. Mo. Rev. Stat. § 506.500(1)(3).

5. Venue is appropriate because the crash occurred in St Louis County.

1

Facts Applicable to All Counts

6. On or around April 11, 2023, both Defendant Nichols and Plaintiff Sparks drove eastbound on interstate 44 in lane #2.

7. Defendant Nichols was driving a 2023 WESTERN STAR 49X CHASSIS (VIN: 5KJJBWD13PLNS7272).

8. Defendant Nelson Brothers, LLC is the owner of the 2023 WESTERN STAR 49X CHASSIS.

9. On or around April 11, 2023, Defendant Nichols drove in the course of his duties as an employee of Nelson Brothers, LLC.

10. As Plaintiff Sparks began to accelerate in traffic, Defendant Nichols failed to leave adequate space between their two vehicles.

11. Defendant Nichols struck the rear of Plaintiff Sparks' 2016 GMC Sierra with a tractor trailer weighing over 25,000 pounds.

12. Defendant Nichol's caused substantial damage to and detached the rear bumper of Plaintiff Sparks' vehicle.

13. Plaintiff suffered injuries to his lumbar and cervical spine.

## COUNT I: Negligence Against All Defendants

COMES NOW Plaintiff Jeremy Sparks, by and for his claim for negligence against Defendant Nichols and Defendant Nelson Brothers state as follows:

14. Plaintiff Sparks adopts and reincorporates all above paragraphs herein.

15. At all times relevant hereto, Defendant Nichols had a duty to use the highest degree of care in the operation of his motor vehicle.

16. At all times when driving, Defendant Nichols had a duty to devote his full attention to the road and the surrounding vehicles. Driving involves constant and complex coordination of the body and mind and as such requires undivided attention. *See Missouri Driver Guide*, 92, (2023).

17. As he was trailing Plaintiff Sparks' vehicle, Defendant Nichols had a duty to attentively maintain a safe distance to avoid a stop or crash. Rear end crashes are caused by drivers who follow too closely and don't leave enough space to stop in time. *Id*. at 55

18. Defendant Nichols, by virtue of driving a commercial vehicle, truck or bus, had a heightened duty to maintain significant space between his vehicle and Plaintiff's in an amount equal or greater than 300 feet and allowing for a reaction time no less than $1/10^{th}$ of a second per foot measured in the length of the vehicle. *Id.* at 90.

19. At all times relevant hereto, Defendant Nichols breached such duty of care in the operation of his motor vehicle and was thereby negligent in the following particulars:

    a. Negligently and carelessly failing to keep a careful lookout;

    b. Negligently and carelessly failing to operate a motor vehicle attentively;

    c. Negligently and carelessly failing to control his vehicle when he knew or, by use of the highest degree of care could have known, that there was a reasonable likelihood of a collision; and

    d. Negligently and carelessly failed to keep his foot on the brake when he knew or, by use of the highest degree of care could have known, that there was a reasonable likelihood of collision with Plaintiffs' vehicle.

    e. Negligently and carelessly failed to keep a safe distance between his vehicle and the vehicle in front of him.

20. As a direct and proximate result of the carelessness and negligence of Defendant Nichols, as described herein, Plaintiff Sparks sustained injuries. Specifically, Plaintiff has suffered injuries to his lumbar and cervical spine.

21. Further, as a direct and proximate result of the carelessness and negligence of Defendant Nichols, Plaintiff Sparks has and will in the future suffer physical pain and suffering as well as mental and emotional distress.

22. As a direct and proximate result of the carelessness and negligence of Defendant Nichols, as described above, Plaintiff Sparks has and will in the future incur expenses related to the medical and health care, including but not limited to, surgical care, medical care, nursing care, physical/occupational therapy, orthopedic care, pharmacological treatment, massage therapy, rehabilitative therapy and other medical and health care services, including but not limited to diagnostic films and the use of medical/rehabilitative devices, for the care and treatment of the above- described injuries.

23. Plaintiff Sparks has suffered lost wages in the past and will continue to suffer lost wages in the future as a result of this injury.

24. Defendant Nelson Brothers, LLC is vicariously liable for the negligent actions of its employee Defendant Nichols, which resulted in Plaintiff Sparks' injuries.

25. Plaintiff Sparks has issued contemporaneously with service of this Petition a pre- judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled, as well as a demand under Mo. Rev. Stat. 537.065.

WHEREFORE, Plaintiff Sparks, by and through counsel, prays for damages against Defendant Nichols and Defendant Nelson Brothers in excess of $25,000.00, for the costs of this action and for such other and further relief as the Court deems just and proper.

4

**COUNT II: Vicarious Liability Against Defendant Nelson Brothers, LLC**

COMES NOW Plaintiff, by and for his claim of negligence by virtue of vicarious liability against Defendant Nelson Brothers, states as follows:

26. Plaintiff Sparks adopts and reincorporates all above paragraphs herein

27. At the time of Defendant Nichols' negligence, Nichols was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant Nelson Brothers, LLC.

28. All acts of negligence, as described above, on behalf of Defendant Nichols, occurred within the course and scope of Defendant Nichols' employment of, with, and for Defendant Nelson Brothers and Nelson Brothers is vicariously liable for the actions or inactions of Defendant Nichols' in relation to Plaintiff's injuries.

29. Plaintiff suffered severe injury as a direct and proximate result of the negligence of Defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein and hereinafter.

30. Defendants, jointly and severally, caused Plaintiff's collision by and through their negligence, and the negligence of their agents, servants, or employees without any contributing negligence on behalf of Plaintiff.

31. As a direct and proximate result of the carelessness and negligence of Defendant, as described above, Plaintiff has in the past, and will in the future, incur expenses related to the medical and health care, including, but not limited to, surgical care, medical care, nursing care, physical/occupational therapy, orthopedic care, pharmacological treatment, massage therapy, rehabilitative therapy and other medical and health care services,

5

including but not limited to diagnostic films and the use of medical/rehabilitative devices, for the care and treatment of the above-described injuries.

32. Plaintiff Sparks has issued contemporaneously with service of this Petition a pre-judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled, as well as a demand under Mo. Rev. Stat. 537.065.

WHEREFORE, Plaintiff Sparks requests the Court enter judgement against all Defendants, and each of them, jointly and severally, with all other Defendants in an amount in excess of $25,000.00 sets the case for jury trial to assess compensatory damages arising from the negligent conduct of all Defendants.

**COUNT III: Negligent Hiring and Supervision Against Defendant Nelson Brothers, LLC**

COMES NOW Plaintiff, by and for his claim of negligent hiring and supervision against Defendant Nelson Brothers, states as follows:

33. Plaintiff adopts and reincorporates all above paragraphs herein.

34. Defendant Nelson Brothers was negligent in their hiring and supervision of Defendant Nichols in any number of the following manners or particulars, including but not limited to:

    a. They failed to make a reasonable inquiry as to Defendant Nichols' competence to safely receive, transport, or deliver commercial goods.

    b. They failed to select a competent or fit team member.

    c. They hired or retained an unsafe and unqualified member who has had a past history of dangerous driving.

    d. They hired or retained an inadequately trained and incompetent staff member.

35. Defendant Nelson Brothers, in their capacity as the producers and distributers of highly volatile explosives, owed the general public, including Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including but not limited to:

    e. Adequately evaluating applicants before hiring them as drivers, agents, servants, and employees.

    f. Adequately training, and supervising said agents, servants, and employees to effectively perform the course of their duty while eliminating potential risk to the public.

    g. Adequately evaluating these employee's job performance so as to discharge any incompetent or negligent employee before they injure the public.

36. Defendant Nelson Brothers had a duty to exercise ordinary care to not employ or retain any employee that Nelson Brothers knew or should have reasonably foreseen posed a risk of harm to others through the type of mistake that injured Plaintiff.

37. As a direct and proximate result of the negligence of defendants, and each of them, jointly, severally, and in combination with the negligence of co-defendants as set forth and alleged herein and hereinafter, Plaintiff suffered serious injuries.

38. Plaintiff has suffered substantial damages because of the negligence of all named defendants, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

39. Plaintiff Sparks has issued contemporaneously with service of this Petition a pre-judgment interest demand, in accordance with Mo. Rev. Stat. 408.040, that has not yet been fulfilled, as well as a demand under Mo. Rev. Stat. 537.065.

WHEREFORE, Plaintiff Sparks requests the Court enter judgement against all Defendants, and each of them, jointly and severally, with all other Defendants in an amount in excess of $25,000.00 and set the case for jury trial to assess compensatory damages arising from the negligent conduct of all Defendants.

Respectfully submitted,

**OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*